UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **MUHAMMED MUHAMMED** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 1:17-cv-00047 |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **TONY PARKER, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of Muhammed Muhammed's *pro se* prisoner Complaint (Doc. No. 1) brought pursuant to 42 U.S.C. § 1983, and an Application to proceed in forma pauperis (Doc. No. 2).

Plaintiff is an inmate at the South Central Correctional Center ("SCCC") in Clifton, Tennessee. It appears from his Application that the Plaintiff lacks sufficient financial resources from which to pay the fee required to file the Complaint. Accordingly, Plaintiff's Application is **GRANTED**. The Clerk shall file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

The Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate

1

trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Plaintiff brings this action against Tony Parker, Commissioner of the Tennessee Department of Correction; Cherry Lindamood, Warden at SCCC; Geneva Roberts, an Internal Affairs officer at SCCC; Rhonda Staggs, a Unit Manager at SCCC; Leigh Staggs, the Grievance Chairperson at SCCC; Hank Inman, the Security Threat Group Coordinator at SCCC; Ryan Deatherage, the Chief of Unit Management; Jessie James, a counselor at SCCC; Jason Woodall, described by the Plaintiff as Commissioner of Core Civic (Doc. No. 1 at 6); and Cole Turman, the TDOC Liaison at SCCC; seeking damages.

Plaintiff alleges that Hank Inman "got some information from a confidential informant" that the Plaintiff's life was in danger. (*Id.* at 7). As a consequence, on November 7, 2016, the Plaintiff was placed in protective custody. (*Id.* at 8). Apparently, he has remained in protective custody since that date.

The Plaintiff raises three claims for the Court's consideration. First, he alleges that he is being forced to remain in protective custody in violation of his constitutional rights. Second, he claims that a policy has been initiated that restricts his contact with an attorney to written correspondence only, in violation of his right of access to the courts. Finally, he asserts that the conditions of his confinement in protective custody are harsh and rise to the level of cruel and

2

unusual punishment. More specifically, the Plaintiff alleges that he is forced to use a small shower with out lighting (live wires hanging from the ceiling in the shower), his cell is covered with mold, he is denied visitation and is only allowed one telephone call per month.

A prisoner has no inherent constitutional right to be released from protective custody upon request. Howard v. Grinage, 6 F.3d 410, 412 (6th Cir. 1993), *effectively overruled on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995); *see also* Meachum v. Fano, 427 U.S. 215, 224 (1976)(a prisoner has no protected liberty interest in a particular security classification). It is enough that the Plaintiff's segregation does not, in and of itself, pose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484. Plaintiff acknowledges that prison officials had a legitimate reason for placing him in protective custody. There has been no showing that the threat to the Plaintiff that resulted in his segregation no longer exists. He does not suggest that he has been denied any procedural due process required by his segregation. Therefore, the Plaintiff's continued confinement in protective custody does not state a claim upon which relief can be granted. As a result, this claim is DISMISSED. 28 U.S.C. § 1915(e)(2).

The Plaintiff next claims that the initiation of a policy that restricts his contact with an attorney is violative of his right of access to the courts. To state a claim for § 1983 relief, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To insure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, Walker v. Mintzes,

771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. Procunier v. Martinez, 416 U.S. 396, 419 (1974). It is not enough, however, for the Plaintiff to simply allege that an adequate law library or some alternate form of legal assistance has not been made available to him. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. Walker, 771 F.2d at 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

In this instance, the Plaintiff has alleged no such prejudice arising from the initiation of the new policy. In the absence of any prejudice, the Plaintiff has failed to state an actionable claim for relief. His right of access to the courts claim is therefore DISMISSED as well. 28 U.S.C. § 1915(e)(2).

The Plaintiff's third and final claim is that conditions of his confinement are cruel and unusual. The Eighth Amendment imposes upon a state an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

The Plaintiff has alleged that he is forced to shower where live electrical wires are hanging from the ceiling and live in a cell that is covered with mold. (Doc. No. 1 at 5). These allegations suggest unsanitary and unsafe living conditions. Thus, the Court finds that the Plaintiff has stated a colorable claim as it relates to conditions of his confinement. 28 U.S.C. § 1915A.

The Warden at SCCC, Cherry Lindamood, is responsible for the Plaintiff's living conditions. None of the other defendants are directly involved in the poor conditions alleged by the Plaintiff. Therefore, all defendants, with the exception of Warden Lindamood, are DISMISSED from this

action.

The Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for Warden Lindamood. The Plaintiff will complete the service packet and return it to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packet, **PROCESS SHALL ISSUE** to the defendant. The Plaintiff is forewarned that the failure to return the completed service packet within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court. The Magistrate Judge may recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

The Clerk is instructed to send a copy of this order to the Warden of the South Central Correctional Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE